GAUDIN, Judge.
This is an appeal by Clifford E. Ashline, who allegedly suffered a hearing loss as the result of a two-vehicle accident on December 8, 1980. By the time a jury heard the case in May, 1986, Ashline had amicably settled with all parties except Liberty Mutual Insurance Company in its capacity as underinsured motorist carrier.
The jury found the other driver, Ronald Simon, 100 per cent negligent but made no monetary award to Ashline for injury to his person. The district judge denied Ashline’s motion for a new trial and this appeal ensued. We affirm.
Ashline contends that the jury’s failure to assign damages was at least partially caused by the trial judge’s error in allowing the jurors to hear that Ashline had been paid approximately $50,000.00 in workmen’s compensation.
Ashline had been driving on Jefferson Highway in Jefferson Parish when Simon negligently drove out from Soniat Street, striking the left side of Ashline’s car.
Appellant had a hearing device in his left ear. He maintains that the impact caused his head to hit the moulding between the two left side windows, resulting in an implosion-type injury to his inner ear. Air was violently pushed into the ear canal, allegedly damaging nerve fibers.
We do not know, of course, precisely why the jury ruled totally against Ashline. Perhaps, as he insists, the jurors were prejudiced by the knowledge that other benefits had been paid.
On the other hand, the jury may have been impressed by these facts: (1) the accident impact was slight, (2) Ashline did not seek medical attention for ear damage until approximately two months after the accident, (3) appellant was in the United States *1078 Air Force from 1964 to 1973, during which time he worked around jet engines where the noise level was so high that protective equipment was needed to cover the ears, (4) in 1965, Ashline was a passenger in a jet aircraft making a sudden descent when his left ear hemorrhaged because of the change in air pressure and (5) for many years prior to the sued-on incident, Ashline wore a hearing aid in his left ear.
Ashline was treated or seen by Drs. Wallace Rubin and Christian Haindel and also by several chiropractors. Dr. Rubin, an otolaryngologist described by appellant as his primary treating physician, did not see Ashline until February 6, 1984, more than three years after the accident.
Appellant complained of headaches, ringing in the ear, dizziness and a hearing loss. Dr. Rubin testified that while these symptoms could be related to the sued-on automobile accident, he could not say that these problems did not exist before December 8, 1980. Specifically, Dr. Rubin was asked this question:
"... as a matter of reviewing records, there is no way that you can say under oath with medical certainty whether all, or part, of the hearing loss existed before the accident of December, 1980 or not; isn’t that correct?”
Dr. Rubin’s response:
“Absolutely not.”
Further, Dr. Rubin said that tinnitus (ringing) can sometimes be heard by placing a stethoscope over the patient’s ear. In Ashline’s case, however, the ringing was subjective.
Dr. Haindel, like Dr. Rubin an expert in the field of otolaryngology, likewise could not with medical certainty relate Ashline’s complained-of symptoms to the 1980 accident.
While the record does contain medical testimony favorable to Ashline’s case, the jury did hear considerable testimony casting doubt on the causal connection between Ashline’s ear trouble and the 1980 accident.
The jury also heard a full disclosure regarding workmen’s compensation benefits paid to Ashline. Liberty Mutual Insurance Company, in its capacity as an intervenor seeking recovery of benefits it had paid in the event of a judgment in plaintiff’s favor, advised the jury of monies tendered and also of the pay-back and settlement arrangements pertinent to Ashline’s claim. As the trial judge allowed the jury to be informed of the entire financial situation, appellee contends that there was no advantage to either side.
In any event, Ashline failed to convince the trial judge that he was disadvantaged. Likewise, we find no prejudice, particularly considering the relative softness of the accident impact, Ashline’s prior ear problems and the inability of the medical witnesses to say with reasonable certainty that the hearing troubles were not in place prior to December, 1980.
Finding of fact of a jury should not be disturbed on appeal unless manifestly erroneous. See Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985), in which the Supreme Court of Louisiana reversed a jury’s findings only after concluding that the decision was clearly wrong.
Here, we cannot find such error. The record and testimony are supportive of the finding that the December, 1980 automobile accident did no further damage to Ash-line’s left ear. This finding is based largely on the credibility of the witnesses, including appellant himself. A jury has wide discretion in making credibility calls.
The medical testimony suggesting that there was a connection between the automobile accident and Ashline’s hearing woes was essentially based on the history as told to the physicians by appellant.
The Fourth Circuit, in Werner v. Southern Forest Products Assoc., 391 So.2d 63 (La.App. 4th Cir.1980), was faced with a factual situation almost identical to Ash-line’s. In a 1975 two-automobile collision, the plaintiff, who had been involved in pri- or accidents, complained of dizziness and vertigo although the accident impact was slight. The defendant driver was 100 per cent at fault. The court said:
*1079 A reading of the transcript in its entirety reveals the jury was well within its wide discretion in finding plaintiff had failed to sustain its burden of proof that his personal injuries resulted from the accident in suit, and we conclude that it was not clearly wrong by so holding. Apparently, they believed those injuries resulted from the prior accidents, and the record contains evidence which supports that conclusion. We find no abuse of discretion.”
The instant case was tried on May 20, 21 and 22, 1986. An earlier trial, in July of 1985, ended by mistrial. Ashline argues strenuously that the trial judge erroneously declared the mistrial; however, we find this argument moot inasmuch as neither was an appeal taken nor writs applied for after the mistrial and a full trial was later held. If the trial judge erred in this regard, and we are not saying he did, it is of no moment.
We affirm the jury’s judgment in this case, with Ashline to bear costs of this appeal.
AFFIRMED.